UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
EASTERN DISTRICT OF TEXAS

DAVID J. MALAND  
Clerk

211 W. Ferguson St.  
Tyler, Texas 75702

April 10, 2000

United States District Court  
Southern District of Florida  
801 Clematis Street  
Attn: Sandy Burnham  
West Palm Beach, Florida 33401

Re: Criminal Action No. 6:92cr60 United States of America vs Dana E. Tuomi ( Transfer of Jurisdiction )

Dear Clerk

Enclosed for transfer of jurisdiction, please find certified copies of original case file.

Please complete the receipt below and return the copy of this letter in the enclosed envelope.

Very truly yours,

DAVID J. MALAND, CLERK

By *Janie Kirkpatrick*  
Janie Kirkpatrick, Deputy Clerk

Received certified copies of Cause Number 6:92cr60 _____

on _____ and assigned number _____

By:_____  
Deputy

Use a final

| PROB 22 (Rev. 2/88) | TRANSFER OF JURISDICTION | | DOCKET NUMBER (Tran. Court) 6:92CR00060-001 |
|---|---|---|---|
| | | | DOCKET NUMBER (Rec. Court) |
| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: DANA ELLIS TUOMI 415 OLD JUPITER BEACH ROAD JUPITER, FLORIDA 33458 | DISTRICT EASTERN DISTRICT OF TEXAS | | DIVISION TYLER DIVISION |
| | NAME OF SENTENCING JUDGE THE HONORABLE ROBERT M. PARKER | | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM 02/02/1999 | TO 02/01/2002 |

OFFENSE

UNLAWFUL POSSESSION OF A FIREARM BY A FELON, 18 U.S.C. § 922(g)(1)

PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE **EASTERN DISTRICT OF TEXAS**

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Southern District of Florida upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

APR 28 2000
DAVID J. MALAND, CL
BY ᴅᴇᴘᴜᴛʏ JPK

12/17/99
Date

_William M. Steger_
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

January 13, 2000
Effective Date

_Daniel T.K. Hurley_
United States District Judge DANIEL T.K. HURLEY

A TRUE COPY I CERTIFY
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
By Kirkpatrick

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

# United States District Court

NOV 9 1992

EASTERN _____ DISTRICT OF _____ TEXAS

DAVID J. MALAND, CLERK
BY
DEPUTY _____

UNITED STATES OF AMERICA
V.

DANA E. TUOMI

## CRIMINAL COMPLAINT

CASE NUMBER: 6:92M 169

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __APRIL 16, 1992__ in __HENDERSON__ county, in the __EASTERN__ District of __TEXAS__ defendant(s) did, (Track Statutory Language of Offense) having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce a firearm, that is a Hawes .357 caliber revolver, Serial Number 11731, which had been shipped and transported in interstate commerce,

in violation of Title __18__ United States Code, Section(s) __922(g) and 924(a)(2)__.

I further state that I am a(n) __SPECIAL AGENT, BATF__ and that this complaint is based on the following
                                    Official Title
facts:

(SEE ATTACHED AFFIDAVIT)

A TRUE COPY I CERTIFY
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
By: _____

Continued on the attached sheet and made a part hereof: [X] Yes  [ ] No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

NOVEMBER 9, 1992                          at    TYLER, TEXAS
Date                                              City and State

CHIEF,
ROBERT M. PARKER, U. S. DISTRICT JUDGE    _____
Name & Title of Judicial Officer                Signature of Judicial Officer

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

NOV 12 1992

Janie Kirkpatrick

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * No. 6:92CR 60 (1) |
| DANA E. TUOMI | * |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### COUNT I

VIOLATION: 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2)(Felon in Possession of a Firearm)

PENALTY: Imprisonment of not more than 10 years; a fine of not more than $250,000; a term of supervised release up to 3 years; and a special assessment of $50.

On or about April 16, 1992, in Athens, Henderson County, Texas, in the Eastern District of Texas, DANA E. TUOMI, Defendant herein, did knowingly and unlawfully possess and receive a firearm, specifically, a Hawes .357 caliber revolver, serial number 11731, which firearm had been shipped in interstate commerce, and was possessed and received by the Defendant after he had been convicted of a crime punishable by a term of imprisonment exceeding one year, all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

A TRUE COPY I CERTIFY
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
By: _____

reasonable doubt; that he has the right not to testify against himself or be compelled to incriminate himself; and that he has the right to confront and cross-examine the witnesses against him and to present witnesses on his own behalf. DANA E. TUOMI, understands that upon his persistence in entering a plea of guilty, he expressly waives those rights and acknowledges that no trial will, in fact, occur.

4.

DANA E. TUOMI, acknowledges that he has reviewed and discussed the pending Indictment against him in this matter with his attorney and that his attorney has explained to him his understanding of the Government's evidence.

5.

DANA E. TUOMI, being fully cognizant of his rights and in exchange for the considerations to be made by the United States as set forth in Paragraph 6, below, agrees as follows:

A.   That he will knowingly and voluntarily enter a plea of guilty to Count 2 of the Indictment, which charges him with being a felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

B.   That he fully understands that this plea of guilty will subject him to a maximum sentence of 10 years, a maximum fine of $250,000.00, or both. DANA E. TUOMI further acknowledges that the Court is required to impose a mandatory assessment fee of $50.00 as to Count 1. The Defendant agrees to pay the special assessment to

the United States District Court Clerk for the Eastern District of Texas on or before the date of his guilty plea.

6.

In exchange for the consideration set forth in Paragraph 5, above, the United States Attorney for the Eastern District of Texas agrees as follows:

A. That the United States will accept the plea of guilty by DANA E. TUOMI, as provided in Paragraph 5, as above, in full satisfaction of all possible federal criminal charges that might have been brought in this District against him in connection with his involvement in the matters referred to in the pending Indictment and under the terms set forth in Paragraph B below and the other terms of this agreement;

B. That the United States will seek no additional prosecutions against DANA E. TUOMI in this District concerning activities related to this indictment committed prior to the date of this agreement which the Defendant makes known to the United States and which do not involve crimes of violence or serious bodily injury;

C. That the United States will move to dismiss Count 1 of the indictment at the time of sentencing on Count 2.

7.

The Defendant also understands that the United States Government will provide to the United States Probation Office all information in its possession that the United States Government

3

deems relevant regarding the Defendant's background, character, cooperation, and involvement in this or other offenses.

8.

At sentencing the United States Government will be permitted to bring to the Court's attention for its consideration, all relevant information with respect to the Defendant's background, character and conduct, including any prior criminal history, as well as, the nature and extent of the Defendant's cooperation, if any.

9.

The Defendant understands that the Court is not a party to and is not bound by this agreement or any recommendations made by the parties. Thus, the Court is free to impose upon the Defendant any sentence up to and including the maximum sentence as stated above, together with fines, as well as, a special assessment and a term of supervised release.

10.

If the Court imposes a sentence with which the Defendant is dissatisfied, the Defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the Defendant be permitted to withdraw any plea should the Court decline to follow any recommendations by any of the parties to this agreement.

11.

Defendant is aware that his sentence will be imposed in accordance with the <u>Sentencing Guidelines and Policy Statements</u>. The Defendant nonetheless acknowledges and agrees that the Court

4

has jurisdiction and authority to impose any sentence within the statutory maximum set for this offense. The Defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal his sentence. Knowing that, the Defendant waives the right to appeal any issue, save and except, issues related to the application of the Sentencing Guidelines in sentencing the Defendant or the basis for any upward departure, if any, which the Court might impose in sentencing. Any appeal is limited to those issues identified herein.

In agreeing to this waiver, the Defendant is aware that his sentence has not yet been determined by the Court. The Defendant is also aware that any estimate of the probable sentencing range under the Sentencing Guidelines that he may have received from his counsel, the Government or the Probation Office is a prediction, not a promise, and is not binding on the Government, the Probation Office or the Court. The Government does not make any promise or representation concerning what sentence the Defendant will receive. Realizing the uncertainty in estimating what sentence he will ultimately receive, the Defendant knowingly waives his right to appeal all issues, save and except, those mentioned above, in exchange for the concessions made by the Government in this agreement.

12.

The Defendant agrees not to pursue or initiate any civil claim or suits against the United States of America, its agencies or employees, whether presently known to the Defendant, arising out of

the investigation or prosecution of the offenses covered by this agreement.

13.

Nothing in this agreement shall restrict of limit the nature or content of the United States Government's response to any motions to reduce or modify any sentence imposed pursuant to this agreement. Although the Government's agreement not to prosecute the Defendant, as set forth in Paragraph 6 of this agreement includes any related criminal Internal Revenue Service violations such as covered by Title 26, United States Code, the United States Attorney's Office cannot bind the Revenue Collection Division of the Internal Revenue Service from assessing taxes or collecting sums of money it determines are owed by the Defendant or his family members.

14.

The United States Government is entering into this plea agreement with the Defendant because the disposition of this matter in this manner fairly and adequately addresses the gravity of the offense from which the charges are drawn, as well as the Defendant's role in such offense and his cooperation to date, thereby serving the ends of justice.

15.

This is the complete and only plea agreement between the United States of America and the Defendant, binding only the parties to this agreement. It supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than

in writing, signed by all parties, or on the record in Court. No other promises or inducements have been made or will be made to the Defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

16.

None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Eastern District of Texas until signed by the Defendant and defense counsel and until signed by a representative of the United States Attorney.

**ACKNOWLEDGEMENTS:**

I have read this agreement and have carefully reviewed every part of it with my counsel. I fully understand it, and I voluntarily agree to it.

_1-7-93_
Date

DANA E. TUOMI
Defendant

I am the Defendant's counsel. I have carefully reviewed every part of this agreement with the Defendant. To my knowledge, my client's decision to enter this agreement is an informed and voluntary one.

_1-7-93_
Date

C. BRUCE ABRAHAM
Counsel for Defendant

For the United States of America:

_1-7-93_
Date

RICHARD L. MOORE
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
APRIL 21, 1993
DAVID J. MALAND, CLERK
BY
DEPUTY Peggy Thompson

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| VS. | * | NO. 6:92CR60 |
| DANA E. TUOMI | * | |

<u>AMENDMENT TO PLEA AGREEMENT</u>

In compliance with Rule 11(e)(2) of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following amendment agreement between the United States of America by and through its United States Attorney, the Defendant, and the Defendant's counsel.

1.

Paragraph 5A of the original plea agreement stated that the defendant would plead guilty to Count 2 of the indictment, which he did. The defendant now desires to withdraw his plea of guilty to Count 2 and then plead guilty to Count 1. The United States, having previously told the defendant and his counsel that a plea to either count was satisfactory to the Government, has no objection to the defendant's request.

2.

Thus, paragraph 5(A) of the original plea agreement in this cause is amended to reflect that the defendant is to plead to Count 1 of the indictment. Additionally, paragraph 6(C) of the plea

1

A TRUE COPY I CERTIFY
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
By:

agreement is amended to reflect that the United States will move to dismiss count 2.

### ACKNOWLEDGEMENTS:

I have read this agreement and have carefully reviewed every part of it with my counsel. I fully understand it, and I voluntarily agree to it.

4-21-93
Date

DANA E. TUOMI
Defendant

I am the Defendant's counsel. I have carefully reviewed every part of this agreement with the Defendant. To my knowledge, my client's decision to enter this agreement is an informed and voluntary one.

4-21-93
Date

C. BRUCE ABRAHAM
Counsel for Defendant

For the United States of America:

4-21-93
Date

RICHARD L. MOORE
Assistant U.S. Attorney

2

FILED
APR 27 1993
U.S. DISTRICT COURT
EASTERN DISTRICT OF T...
BY DAVID J. MALAND
DEPUTY

# United States District Court

Eastern District of Texas

UNITED STATES OF AMERICA
V.
DANA ELLIS TUOMI
(Name of Defendant)

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number:  6:92CR60(01)

Bruce C. Abraham
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s) __1 of the Indictment__.
☐ was found guilty on count(s) _____ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18USC§922(g)(1) and 18USC§924(a)(2) | Unlawful possession of a firearm by a felon, as further alleged in the Indictment. | 4/17/92 | 1 |

A TRUE COPY I CERTIFY
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
By: _____

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____, and is discharged as to such count(s).
☒ Count(s) __2 of the Indictment__ (is)(are) dismissed on the motion of the United States.
☒ It is ordered that the defendant shall pay a special assessment of $ __50.00__, for count(s) __1__, which shall be due ☒ immediately ☐ as follows:

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: __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__

Defendant's Date of Birth: __3/24/72__

Defendant's Mailing Address:
__415 Old Jupiter Beach Road__
__Jupiter, Florida  33458__

Defendant's Residence Address:
__same as above__

__April 21, 1993__
Date of Imposition of Sentence

_____
Signature of Judicial Officer

__ROBERT M. PARKER, CHIEF JUDGE__
Name & Title of Judicial Officer

__April 21, 1993__
Date

AO 245 S (Rev. 4/90) Sheet 2 - Imprisonment

Defendant: DANA ELLIS TUOMI  
Case Number: 6:92CR60(01)

Judgment—Page 2 of 4

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of __eighty-four (84) months__.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States marshal.  
☐ The defendant shall surrender to the United States marshal for this district.
- ☐ at _____ a.m./p.m. on _____.
- ☐ as notified by the United States marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.
- ☐ before 2 p.m. on _____.
- ☐ as notified by the United States marshal.
- ☐ as notified by the probation office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____  
United States Marshal

By _____  
Deputy Marshal

AO 245 S (Rev. 4/90) Sheet 3 - Supervised Release

Defendant: DANA ELLIS TUOMI
Case Number: 6:92CR60(01)

Judgment—Page 3 of 4

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

[x] The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

[ ] The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

[ ] The defendant shall not possess a firearm or destructive device.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 4/90) Sheet 7 - Statement of Rea

Defendant: DANA ELLIS TUOMI
Case Number: 6:92CR60(01)

Judgment—Page 4 of 4

## STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

OR

☒ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):
The Court sustained the defendant's objection concerning the two level increase of the offense level for possession of a stolen firearm. The Court determined that the offense level should be lowered by two 2 points.

**Guideline Range Determined by the Court:**

Total Offense Level: 21

Criminal History Category: VI

Imprisonment Range: 77 to 96 months

Supervised Release Range: 2 to 3 years

Fine Range: $ 10,000. to $ 100,000.

☒ Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Restitution: $ N/A

☐ Full restitution is not ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

OR

The sentence departs from the guideline range

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following reason(s):

```
                       U.S. District Court
                      Texas, Eastern (Tyler)

             CRIMINAL DOCKET FOR CASE #: 92-CR-60-1
```

USA v. Tuomi                                              Filed: 11/12/92
Case Assigned to: Judge William M. Steger
Dkt# in other court: None

DANA E TUOMI
      defendant
 [term 04/21/93]


Pending Counts:

    NONE


Terminated Counts:

    NONE


Complaints:

    NONE


U. S. Attorneys:

    NONE


                                        A TRUE COPY I CERTIFY
                                        DAVID J. MALAND, CLERK
                                        U.S. DISTRICT COURT
                                        EASTERN DISTRICT OF TEXAS
                                        By: _____

INTERNAL USE ONLY: Proceedings include all events.
6:92cr60-1 USA v. Tuomi

| | | |
|---|---|---|
| 4/21/93 | -- | **Termination of party Dana E Tuomi pending deadlines and pending motions as to Dana E Tuomi (jlv) [Entry date 04/30/93] |
| 3/28/94 | -- | CASE reassigned to Judge William M. Steger (dcap) [Entry date 03/28/94] |
| 12/17/99 | 1 | ORDER as to Dana E Tuomi transferring jurisdiction to the SD/FL. ( Signed by Judge William M. Steger ) Cys to SD/FL on 4/10/00 (jpk) [Entry date 04/10/00] |
| 1/13/00 | 1 | ORDER as to Dana E Tuomi from SD/FL accepting jurisdiction. (Signed by judge from SD/FL) Certified copies to SD/FL on 4/10/00 (jpk) [Entry date 04/10/00] |